UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Joshua Cox,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>RealPage, Inc.,<br><br>　　　　　　Defendant. | Civil Action No.: 3:19-cv-568<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Joshua Cox, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Joshua Cox ("Plaintiff"), is an adult individual residing in Cheney, Washington, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant RealPage, Inc. ("RealPage"), is a Texas business entity with an address of 2201 Lakeside Boulevard, Richardson, Texas, 75082-4305. RealPage is a consumer reporting agency as the term is defined by 15 U.S.C. § 1681(a)(f) and a reseller as the term is defined by

15 U.S.C. § 1681(a)(u). RealPage is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6. In or around February 2019, Plaintiff applied for housing with Widmyer Corporation ("Widmyer").

7. Thereafter, Widmyer submitted Plaintiff's information to Defendant for background screening report.

8. Defendant performed the background screening report, which included a criminal records search, and furnished the results to Widmyer.

9. Upon Widmyer's receipt of the report, Plaintiff was denied housing.

10. The report erroneously states that Plaintiff is a registered sex offender.

11. However, the information provided by Defendant to Widmyer is inaccurate.

12. The inaccurate report contains damaging information to Plaintiff's character and reputation.

13. In addition to having been denied housing, Plaintiff has suffered actual damages in the form of harm to reputation and emotional distress, including anxiety, frustration, embarrassment and humiliation.

14. Defendant failed to take any steps to verify the accuracy of the information contained in Plaintiff's report before furnishing it to Widmyer.

15. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard of federal law.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. 15 U.S.C. § 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

18. In addition, 15 U.S.C. § 1681d(d)(3) provides that "a consumer reporting agency shall not furnish an investigative consumer report that includes information that is a matter of public record and that relates to an arrest, indictment, conviction, civil judicial action, tax lien, or outstanding judgment, unless the agency has verified the accuracy of the information during the 30-day period ending on the date on which the report is furnished."

19. Defendant violated §§ 1681e(b) and 1681d(d)(3) of the FCRA by failing to follow reasonable procedures to assure maximum accuracy of the information contained in its report and by failing to verify the accuracy of the information contained in its report.

20. These failures directly caused the denial of Plaintiff's application for an apartment with Widmyer, which has damaged Plaintiff.

21. As a result of Defendant's violations of §§ 1681e(b) and 1681d(d)(3) of the FCRA, Plaintiff is entitled to damages, costs, and attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

    A. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(B);

    B. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

C. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

D. Attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2); and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 7, 2019

Respectfully submitted,

By */s/ Jody B. Burton*

Jody B. Burton, Esq.
CT Bar # 422773
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-mail: jburton@lemberglaw.com
Attorneys for Plaintiff