UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Joshua Cox, | Civil Action No.: 3:19-cv-00568-S |
| Plaintiff, | |
| v. | |
| RealPage, Inc., and Equifax, Inc., | **FIRST AMENDED COMPLAINT** |
| Defendants. | |

For this First Amended Complaint, the Plaintiff, Joshua Cox, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Joshua Cox ("Plaintiff"), is an adult individual residing in Cheney, Washington, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant, RealPage, Inc. ("RealPage"), is a Delaware corporation with an address of 2201 Lakeside Boulevard, Richardson, Texas, 75082-4305. RealPage is a consumer reporting agency as the term is defined by 15 U.S.C. § 1681a(f) and a reseller as the term is

defined by 15 U.S.C. § 1681a(u). RealPage is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties.

6. Defendant, Equifax, Inc. ("Equifax"), is a Georgia business entity with an address of 1550 Peachtree Street NW, H46, Atlanta, Georgia 30309-2402. Equifax is a consumer reporting agency as the term is defined by 15 U.S.C. § 1681a(f). Equifax is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

7. In or around February 2019, Plaintiff applied for housing with Widmyer Corporation ("Widmyer").

8. Thereafter, Widmyer submitted Plaintiff's information to RealPage for a background screening report.

9. RealPage performed the background screening report, which included a criminal records search, by submitting Plaintiff's information to Equifax.

10. The results of the criminal record search revealed that a Joshua Adam Cox was a registered sex offender.

11. However, Plaintiff's full name is Joshua Aaron Cox and those records, therefore, pertained to a *different* Joshua Cox.

12. To be clear, Plaintiff is not a registered sex offender.

13. Nonetheless, Equifax submitted a report to RealPage indicating that Plaintiff is a sex offender.

14. RealPage, in turn, furnished the results to Widmyer.

2

15. That report included the following photograph of the registered sex offender, Joshua Adam Cox:



16. The registered sex offender, Joshua Adam Cox, looks nothing like Plaintiff, Joshua Aaron Cox, whose driver's license photograph is below:



17. Neither Equifax nor RealPage followed any reasonable procedures to assure that their reports were accurate, such as verifying whether the sex offender's middle name was the same as Plaintiff's middle name or confirming whether Plaintiff physically resembled the sex offender.

18. Instead, Real Page and Equifax submitted a report that erroneously states that Plaintiff is a registered sex offender.

19. The information provided by RealPage and Equifax is inaccurate.

20. The inaccurate report contains damaging information to Plaintiff's character and reputation.

21. Upon Widmyer's receipt of the report, Widmyer denied Plaintiff housing because the report indicated he was a sex offender.

22. Specifically, Widmyer sent Plaintiff an "Application Status Notification" letter, dated February 18, 2019, which advised Plaintiff:

> We are sorry to inform you that your application for admission has been disapproved for the following reason/s:  <u>Sex-offender.</u>

23. In addition to having been denied housing, Plaintiff has suffered actual damages in the form of harm to reputation and emotional distress, including anxiety, frustration, embarrassment and humiliation.

24. Defendants failed to take any steps to verify the accuracy of the information contained in Plaintiff's report before furnishing it to Widmyer.

25. At all times pertinent hereto, the conduct of Defendants, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard of federal law.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. 15 U.S.C. § 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

28. Defendants violated § 1681e(b) of the FCRA by failing to follow reasonable procedures to assure maximum accuracy of the information contained in its report and by failing to verify the accuracy of the information contained in its report.

29. These failures directly caused the denial of Plaintiff's application for an apartment with Widmyer, which has damaged Plaintiff.

30. As a result of Defendants' violations of § 1681e(b) of the FCRA, Plaintiff is entitled to damages, costs, and attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants for:

A. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(B);

B. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

C. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

D. Attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2); and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 7, 2019

                                        Respectfully submitted,

By */s/ Jody B. Burton*

Jody B. Burton, Esq.
CT Bar # 422773
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-mail: jburton@lemberglaw.com
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2019, a true and correct copy of the foregoing First Amended Complaint was served electronically via Electronic Document Filing System (ECF) and that the document is available on the ECF system.

                                                 */s/ Jody B. Burton*
                                                 Jody B. Burton